ELD-009-E

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3347
_____

IN RE: LIDYA MARIA RADIN,
                                                    Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the District of New Jersey
(Related to 3:17-mj-04519)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 31, 2017
Before:  GREENAWAY, JR., RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Lidya Maria Radin seeks a writ of prohibition to prevent a petty offense

prosecution in the United States District Court for the District of New Jersey from

proceeding against her.  We will deny the petition.

    On August 10, 2017, Radin was issued a "United States District Court Violation

Notice" by a federal law enforcement officer.  According to the violation notice, Radin

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

refused to be escorted out of the United States Courthouse in Trenton, New Jersey, after she "became 'disruptive and belligerent' when [a United States Marshal] advised her of the Building Rules and Regulations while on Federal Property."  D.N.J. Crim. No. 3:17-mj-04519, ECF No.1.  The notice charged her with disorderly conduct on federal property in violation of 41 C.F.R. § 102-74.390.[1]  Id.  She has been directed to appear before a United States Magistrate Judge on November 16, 2017.

In her petition, Radin seeks an order prohibiting the District Court from proceeding, as well as an order prohibiting the Department of Justice from using public funds to prosecute the case against her.  Relevant here, Radin argues that the District Court lacks jurisdiction over her case because, among other reasons, an indictment was never issued against her, and that the Department of Justice, therefore, is pursuing this prosecution without having taken the necessary steps to acquire or maintain the jurisdiction of the District Court.

Prohibition is a drastic remedy available only in extraordinary cases.  See In re

---

[1] 41 C.F.R. § 102-74.390 states:

> All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that—
> (a)  Creates loud or unusual noise or a nuisance;
> (b)  Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
> (c)  Otherwise impedes or disrupts the performance of official duties by Government employees; or
> (d)  Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking a writ of prohibition must demonstrate that: "(1) no other adequate means exist to attain the relief [s]he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (internal quotations omitted). A writ of prohibition should not issue where relief may be obtained through an ordinary appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998).

Radin has not shown that the issuance of an extraordinary writ is warranted. Because the charged violation constitutes a petty offense,[2] it appears that the case is properly before the Magistrate Judge. See 18 U.S.C. § 3401(a) (indicating that "any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district"); Fed. R. Crim. P. 58(b)(1) (stating that "[t]he trial of a petty offense may [] proceed on a [] violation notice."). And should the Magistrate Judge enter a judgment of conviction or sentence against her, Radin will be afforded the opportunity to appeal to a District Judge, see 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B), and then to appeal any subsequent order issued by a District Judge to this Court, see 28 U.S.C. § 1291; Fed. R. Crim. P.

---

[2] See 41 C.F.R. § 102-74.450 ("A person found guilty of violating any rule or regulation in this subpart … shall be fined under title 18 of the United States Code, imprisoned for not more than 30 days, or both."); 18 U.S.C. § 3559(a)(8) (stating that a crime with a maximum term of imprisonment of 30 days is a Class C misdemeanor); 18 U.S.C. § 19 (defining a petty offense to include a Class C misdemeanor).

58(g)(1); Fed. R. App. P. 4(b).  Accordingly, it appearing that the District Court has jurisdiction over the petty offense case before it, and that Radin has the ability to challenge the District Court's jurisdiction through the ordinary appeal process, we will not prohibit the District Court from proceeding to hear the case, nor will we prohibit the Department of Justice from using public funds to pursue the case.  See In re Chambers Dev. Co., Inc., 148 F.3d at 223.

Consequently, the petition for a writ of prohibition will be denied.